# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

GABRIELLE CLOW and CHANNING HESSE, individually and on behalf of themselves and all others similarly situated,

        Plaintiffs,

  vs.

JOHNSON & JOHNSON CONSUMER COMPANIES, INC., GERBER PRODUCTS COMPANY, THE PROCTOR & GAMBLE COMPANY, KIMBERLY-CLARK CORPORATION, EXPANSCIENCE LABORATORIES, INC. D/B/A MUSTELA, and LIMITED BRANDS, INC.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

```
FILED: MARCH 19, 2009
09CV1729
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE COX
BR
```

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs Gabrielle Clow and Channing Hesse, individually and on behalf of all others similarly situated, complain as to their own circumstances based upon personal knowledge and complains as to all other facts based upon the investigation of counsel, as follows:

## INTRODUCTION

1.     This class action is brought by Plaintiffs individually and on behalf of all Consumers (referred to herein collectively as "Class Members", "Consumers" or "Consumer Class") who purchased or paid for children's bath products manufactured by Johnson & Johnson Consumer Companies, Inc. ("J&J"), Gerber Products Company ("Gerber"), Kimberly-Clark Corporation ("KCGS"), Expanscience Laboratories, Inc. d/b/a Mustela ("Mustela"), Limited Brands, Inc. ("Limited"), or The Proctor & Gamble Company ("P&G") (collectively referred to as the "Defendants").

2.     Defendants manufactured, researched, marketed, promoted, advertised, sold, distributed, and/or placed into the stream of commerce various children's bath products.  These bath products were marketed and advertised throughout the nation as being safe for children and were sold in toy stores, department stores and specialty shops.  However, certain of the children's bath products were contaminated with formaldehyde and/or 1,4-dioxane –chemicals linked to cancer and skin allergies. These products include:  American Girl Hopes and Dreams Shimmer Body Lotion, Johnson's Baby Shampoo, American Girl Hopes and Dreams Glistening Shower and Bath Wash, American Girl Real Beauty Inside and Out Shower Gel-Apple Blossom, American Girl Real Beauty Inside and Out Shower Gel – Sunny Orange, Aveeno Baby Soothing Relief Creamy Wash, Grins & Giggles Milk & Honey Baby Wash, Huggies Naturally Refreshing Cucumber & Green Tea Baby Wash, Johnson's Moisture Care Baby Wash, Johnson's Oatmeal Baby Wash, Mustela Baby Shampoo, Mustela Dermo-Cleansing Gel for Hair and Body Newborn/Baby, Mustela Multi-sensory Bubble Bath, Huggies Soft Skin – Shea Butter, Pampers Kandoo Foaming Handsoap – Magic Melon (hereinafter, these products are collectively defined as "children's bath products").  Thus, the children's bath products are anything but the safe and gentle products that Defendants claimed they were.

3.     Children are especially vulnerable to the effects of chemicals, and preventing early-life exposures to harmful chemicals can help prevent health problems throughout their lives.  Parents have a right to know which chemicals are found in the products that they buy for their children – and they have a right to expect that Defendants' representations that their products are gentle, pure and safe are truthful.  Thus, Plaintiffs and the Class were damaged by Defendants' omissions and failure to warn that the children's bath products were contaminated.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this action is between citizens of different states, a class action has been pled, and the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(a), (b), and (c), 28 U.S.C. § 1407 and 15 U.S.C. 22.  Defendants do substantial business in the State of Illinois and within this Federal Judicial District, advertise in this District, receive substantial compensation and profits from the sales of its children's bath products, and have made material omissions and misrepresentations and breaches of warranties in this District so as to subject it to *in personam* jurisdiction in this District.

## PARTIES

6.      Plaintiff Gabrielle Clow resides in Chicago, Illinois and purchased one or more of Defendants' bath products for use with her two children under the age of 10. Had Defendants disclosed the contaminants in their children's bath products, Ms. Clow would not have purchased them nor allowed her children to be exposed to them.  As a result, Ms. Clow has been damaged.

7.      Plaintiff Channing Hesse resides in Downers Grove, Illinois and purchased one or more of Defendants' bath products for use with her three children under the age of 10. Had Defendants disclosed the contaminants in their children's bath products, Ms. Hesse would not have purchased them nor allowed her children to be exposed to them.  As a result, Ms. Hesse has been damaged.

8.      Defendant J&J is a New Jersey corporation and engages in business through the State of Illinois and the United States.  J&J manufactured, marketed and/or sold Johnson's Baby Shampoo, Johnson's Moisture Care Baby Wash, Johnson's Oatmeal Baby Wash – Vanilla, and

Aveeno Baby Soothing Relief Creamy Wash to Class members during the relevant period. Each of those products was tested by the Campaign for Safe Cosmetics and found to be contaminated with formaldehyde or 1,4-dioxane.

9.      Defendant P&G is an Ohio corporation and engages in business throughout the State of Illinois and the United States. P&G manufactured, marketed and/or sold Pampers Kandoo Foaming Handsoap to Class members during the relevant period. This product was tested by the Campaign for Safe Cosmetics and found to be contaminated with formaldehyde or 1,4-dioxane.

10.      Defendant KCGS is a Delaware corporation and engages in business throughout the State of Illinois and the United States. KCGS manufactured, marketed or sold its Huggies Soft Skin – Shea Butter and Huggies Naturally Refreshing Cucumber & Green Tea Baby Wash to Class Members during the relevant period. Each of those products was tested by the Campaign for Safe Cosmetics and found to be contaminated with formaldehyde or 1,4-dioxane.

11.      Defendant Gerber is a Michigan corporation and engages in business throughout the State of Illinois and the United States. Gerber manufactured, marketed and/or sold Grins & Giggles Milk & Honey Baby Wash to Class members during the relevant period. This product was tested by the Campaign for Safe Cosmetics and found to be contaminated with formaldehyde or 1,4-dioxane.

12.      Defendant Mustela is a Delaware corporation with its principal place of business in Waukegan, Illinois. Mustela manufactured, marketed and/or sold Mustela Baby Shampoo, Mustela Dermo-Cleansing Gel for Hair and Body Newborn.Baby, and Mustela Multi-Sensory Bubble Bath to Class members during the relevant period. These products were tested by the Campaign for Safe Cosmetics and found to be contaminated with formaldehyde or 1,4-dioxane.

13.     Defendant Limited is a Delaware corporation with its principal place of business in Columbus, Ohio.  Limited does business throughout the United States under the name Bath & Body Works.  Limited manufactured, marketed and sold at its Bath & Body Works stores and elsewhere American Girl products, including Hopes and Dreams Glistening Shower and Bath Wash, Inside and Out Shower Gel (Apple Blossom and Sunny Orange) to Class members during the Relevant Period. These products were tested by the Campaign for Safe Cosmetics and found to be contaminated with formaldehyde or 1,4-dioxane.

## FACTUAL BACKGROUND

14.     Defendants marketed their children's bath products as safe and gentle.  However, laboratory tests commissioned by the Campaign for Safe Cosmetics found that these products were contaminated with formaldehyde or 1,4-dioxane – and in many cases, *both*.

15.     These children's bath products, which contain chemicals linked to cancer and skin allergies, are anything but the safe and gentle products that Defendants claimed they were.

**A.     1,4-dioxane.**

16.     According to the Environmental Protection Agency ("EPA"), 1,4-dioxane is a probable carcinogen.  The federal Consumer Product Safety Commission ("CPSC") states that "the presence of 1,4-dioxane, even as a trace contaminant, is cause for concern."  1,4-dioxane is a byproduct of a chemical processing technique called ethoxylation in which cosmetic ingredients are processed with ethylene oxide.  Manufacturers can easily remove the toxic byproduct, but are not required by law to do so.[1]

17.     According to a 1998 memorandum from a California State health official, 1,4-dioxane is "readily absorbed through the lungs, skin and gastrointestinal tract of mammals."

---

[1] U.S. Food and Drug Administration. "Guide to Inspections of Cosmetic Product Manufacturers." www.fda.gov/ora/inspect_ref/igs/cosmet.html.

18.    1,4-dioxane is widely recognized as a carcinogen in animal studies and expert panels consider it to be a known or probable human carcinogen:

- The EPA classifies 1,4-dioxane as a "probable human carcinogen," based on "induction of nasal cavity and liver carcinomas in multiple strains of rats, liver carcinomas in mice, and gall bladder carcinomas in guinea pigs."[2]

- The U.S. Department of Health and Human Services, National Toxicology Program, lists 1,4-dioxane as "reasonably anticipated to be a human carcinogen." The report notes: "There is sufficient evidence for the carcinogenicity of 1,4-dioxane in experimental animals."[3]

- According to the International Agency for Research on Cancer, and initiative of the World Health Organization, 1,4-dioxane is "possibly carcinogenic to humans."[4]

- The State of California's EPA lists 1,4-dioxane on its publically mandated annual list of chemicals known to cause cancer or reproductive toxicity.[5]

- According to the New Jersey Department of Health and Senior Services, 1,4-dioxane "should be handled as a carcinogen—with extreme caution."[6]

19.    It is relatively simple for manufacturers of ethoxylated ingredients to remove the contaminant through vacuum stripping at the end of the ethoxylation process. According to the FDA, vacuum stripping can be done "without an unreasonable increase in raw material cost."[7]

---

[2] U.S. Environmental Protection Agency. Technology Transfer Network Air Toxics Web site. "1,4-Dioxane (1,4-Diethyleneoxide)." www.epa.gov/ttn/atw/hlthef/dioxane.html.

[3] U.S. Department of Health and Human Services, Public Health Service, National Toxicology Program. "1,4-Dioxane, CAS No. 123-91-1: Reasonably Anticipated to be a Human Carcinogen." Eleventh Report on Carcinogens. December 2002. Available at: http://ntp.niehs.nih.gov/ntp/roc/eleventh/profiles/s080diox.pdf.

[4] International Agency for Research on Cancer. "1,4-Dioxane (Group 2B)." Volume 71, 1999: 589. Available at: http://monographs.iarc.fr/ENG/Monographs/vol71/mono71-25.pdf.

[5] State of California Environmental Protection Agency Office of Environmental Health Hazard Assessment. "Chemicals Known to the State to Cause Cancer or Reproductive Toxicity." Available at: www.oehha.ca.gov/prop65/prop65_list/files/P65single120806.pdf.

[6] New Jersey Department of Health and Senior Services. "Hazardous Substance Fact Sheet." Available at: http://nj.gov/health/eoh/rtkweb/documents/fs/0789.pdf.

**B.** **Formaldehyde.**

20.     Like 1,4-dioxane, formaldehyde has been classified as a probable carcinogen by the EPA.  The chemical can trigger adverse skin reactions in children and adults who are sensitive to the chemical.  Contact dermatitis specialists recommend that children avoid exposure to products containing formaldehyde.[8]

21.     When formaldehyde is present in personal care products, people can be exposed by inhaling the formaldehyde that is off-gassed from the product, by ingesting or by absorbing it through the skin.

22.     The Eleventh Annual Report on Carcinogens, published by the U.S. Department of Health and Human Services, National Toxicology Program, states: "Formaldehyde (gas) is reasonably anticipated to be a human carcinogen based on limited evidence of carcinogenicity in humans and sufficient evidence of carcinogenicity in experimental animals."[9]

23.     In 2004, the International Agency for Research on Cancer, a project of the World Health Organization, announced: "Twenty-six scientists from 10 countries evaluated the available evidence on the carcinogenicity of formaldehyde ….  The working group … concluded that formaldehyde is carcinogenic to humans."[10]

---

[7] U.S. Food and Drug Administration. "Guide to Inspections of Cosmetic Product Manufacturers." www.fda.gov/ora/inspect_ref/igs/cosmet.html.

[8] Environmental Protection Agency Technology Transfer Network Air Toxics Web site. "Formaldehyde." www.epa.gov/ttn/atw/hlthef/formalde.html.

[9] U.S. Department of Health and Human Services, Public Health Service, National Toxicology Program. "Formaldehyde (Gas) CAS No. 50-00-0: Reasonably anticipated to be a human carcinogen." Eleventh Report on Carcinogens. December 2002. Available at: http://ntp.niehs.nih.gov/ntp/roc/eleventh/profiles/s089form.pdf.

[10] International Agency for Research on Cancer. "IARC classifies formaldehyde as carcinogenic to humans." Press release. June 15, 2004. www.iarc.fr/en/Media-Centre/IARC-Press-Releases/Archives-2006-2004/2004/IARC-classifies-formaldehyde-as-carcinogenic-to-humans.

24.     California's EPA lists formaldehyde (gas) in its annual list of chemicals known to cause cancer or reproductive toxicity.[11]

**C.     The effect on children.**

25.     According to the National Academy of Sciences, several factors contribute to children's exceptional vulnerability to the harmful effects of chemicals:

- A child's chemical exposures are greater pound-for-pound than those of an adult.

- Children are less able than adults to detoxify and excrete chemicals.

- Children's developing organ systems are more vulnerable to damage from chemical exposures.

- Children have more years of future life in which to develop disease triggered by early exposure.[12]

**D.     Defendants' children's bath products.**

- **J&J's children's bath products.**

26.     There is no more iconic baby product than J&J's Baby Shampoo.  But the well-known claim that it is "as gentle to the eyes as pure water"[13] is simply untrue.

27.     According to the packaging, the product is "made from a very special combination of ingredients designed not to irritate delicate skin or eyes" and is "soap free, hypo-allergenic and dermatologist tested."  It is also, "the number one choice of hospitals."  J&J also

---

[11] State of California Environmental Protection Agency Office of Environmental Health Hazard Assessment. "Chemicals Known to the State to Cause Cancer or Reproductive Toxicity." Available at: www.oehha.ca.gov/prop65/prop65_list/files/P65single120806.pdf.

[12] NAS (National Academy of Sciences). Pesticides in the Diets of Infants and Children. National Academy Press. Washington, DC. 1993.

[13] Johnson & Johnson Consumer Products Company Web site. "Johnson's Baby Shampoo." www.johnsonsbaby.com/product.do?id=47.

claims on its website that "safety, comfort and gentleness are always of utmost importance in our products." *See* http://www.johnsonsbaby.com/whyJnj.do (last accessed March 19, 2009).

28.     After testing by the Campaign for Safe Cosmetics, however, J&J's children's bath products (including Johnson's Baby Shampoo) were found to be contaminated with both formaldehyde and 1,4-dioxane.

29.     None of J&J's children's bath products list formaldehyde or 1,4-dioxane on the ingredient label.  In fact, they are not ingredients in the products; rather, they are toxic byproducts of chemical manufacturing and product formulation.

30.     J&J's advertising claims appeal to parents' desire to be gentle and loving to their children – yet, J&J never discloses that its children's bath products contain such dangerous chemicals.

31.     J&J knew, or should have known, that its children's bath products were defective and presented a serious risk to the health and safety of children.

32.     If the Plaintiffs and members of the class had known the true nature of J&J's children's bath products, then they would not have purchased them nor allowed their children to be exposed to the dangerous bath products.

- **Gerber's children's bath products.**

33.     Gerber manufactured, advertised and sold its Grins & Giggles Milk & Honey Baby Wash.  Gerber represented to the Plaintiffs and the public that this product was safe for children.

34.     After testing by the Campaign for Safe Cosmetics, however, Gerber's children's bath products (including the Grins & Giggles Baby Wash) were found to be contaminated with both formaldehyde and 1,4-dioxane.

35.     Gerber knew, or should have known, that its children's bath products were defective and presented a serious risk to the health and safety of the children.

36.     If the Plaintiffs and members of the class had known the true nature of Gerber's children's bath products, then they would not have purchased them nor allowed their children to be exposed to the dangerous bath products.

- **P&G's children's bath products.**

37.     P&G manufactured, advertised and sold its Pampers Baby Fresh baby wipes, Pampers Calming – Lavender baby wipes, and its Pampers Kandoo Foaming Handsoap.  P&G represented to the Plaintiffs and the public that these products were safe for children.

38.     After testing by the Campaign for Safe Cosmetics, however, P&G's children's bath products were found to be contaminated with both formaldehyde and 1,4-dioxane.

39.     P&G knew, or should have known, that its children's bath products were defective and presented a serious risk to the health and safety of the children.

40.     If the Plaintiffs and members of the class had known the true nature of P&G's children's bath products, then they would not have purchased them nor allowed their children to be exposed to the dangerous bath products.

- **KCGS's children's bath products.**

41.     KCGS manufactured, advertised and sold its Huggies Soft Skin – Shea Butter baby wipes.  KCGS represented to the Plaintiffs and the public that these products were safe for children.

42.     After testing by the Campaign for Safe Cosmetics, however, KCGS's children's bath products were found to be contaminated with both formaldehyde and 1,4-dioxane.

43.     KCGS knew, or should have known, that its children's bath products were defective and presented a serious risk to the health and safety of the children.

44.     If the Plaintiffs and members of the class had known the true nature of KCGS's children's bath products, then they would not have purchased them nor allowed their children to be exposed to the dangerous bath products.

- **Mustela's children's bath products.**

45.     Mustela manufactured, advertised and sold its Baby Shampoo, Dermo-Cleansing Gel and Multi-Sensory Bubble Bath.  Mustela represented to the Plaintiffs and the public that this product was safe for children.

46.     After testing by the Campaign for Safe Cosmetics, however, Mustela's children's bath products were found to be contaminated with 1,4-dioxane.

47.     Mustela knew, or should have known, that its children's bath products were defective and presented a serious risk to the health and safety of the children.

48.     If the Plaintiffs and members of the class had known the true nature of Mustela's children's bath products, then they would not have purchased them nor allowed their children to be exposed to the dangerous bath products.

- **Limited's children's bath products.**

49.     Limited manufactured, advertised and sold at its Bath & Body Works stores and elsewhere its American Girl products, including Hopes and Dreams Glistening Shower and Bath Wash, Inside and Out Shower Gel (Apple Blossom and Sunny Orange).  Limited represented to the Plaintiffs and the public that its products were safe for children.

50.     After testing by the Campaign for Safe Cosmetics, however, Limited's children's bath products  were found to be contaminated with 1,4-dioxane and/or formaldehyde.

51.     Limited knew, or should have known, that its children's bath products were defective and presented a serious risk to the health and safety of the children.

52.     If the Plaintiffs and members of the class had known the true nature of Limited's children's bath products, then they would not have purchased them nor allowed their children to be exposed to the dangerous bath products.

53.     As a result of Defendants' negligence or intentional or reckless wrongdoing as set forth herein, the children of Plaintiffs and the Class have been directly exposed on a prolonged, repeated and continuous basis, to a significantly and substantially harmful material, causing an increased risk of injury.  The children of the Class require medical monitoring in order to detect, ameliorate, and reduce the risk of injury, further injury, or death.

## CLASS ACTION ALLEGATIONS

54.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek certification of a national Consumer Class (with the designation of statewide subclasses if the Court deems necessary and appropriate) defined as follows:

> All Consumer residents and/or domiciliaries of the United States who purchased and/or paid for children's bath products manufactured or sold by Defendants.

> Excluded from the proposed Class are (i) any Defendants, any entity in which any Defendants has a controlling interest or which has a controlling interest in, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial offices to whom this case is assigned; and (iii) any member of the immediate families of excluded persons.

55.     Plaintiffs seek certification of a nationwide medical monitoring class, defined as:

> All children of Consumer residents and/or domiciliaries of the United States who purchased and/or paid for children's bath products sold by Defendants in the United States.

56.     The Class consists of many thousands of persons throughout the United States, making individual joinder of all Class Members impractical.

57.     All Class Members share a united interest in the fair, just and consistent determination of the questions of law and fact necessary to the adjudication of Defendants' liability, which predominate over questions affecting only individual members. These key common liability questions include:

        a.      whether and when Defendants knew or should have known that their children's bath products' dangerous defects;

        b.              whether Defendants knowingly, recklessly, or negligently concealed, suppressed or failed to disclose the health risks of their children's bath products from regulators, and the public;

        c.      whether Defendants' conduct violated state consumer protection statutes and state fraud and deceptive practice acts;

        d.      whether Defendants breached implied warranties covering children's bath products;

        e.      whether Defendants acted negligently in the sale and promotion of their children's bath products;

        f.      whether Defendants were unjustly enriched at the expense of Plaintiffs and the Class; and,

        g.      whether a national class or statewide classes, and/or other subclasses, are superior, within the requirements of Rule 23(b)(3), on any of the Class Claims.

58.     The Class is also united on fundamental questions regarding its members entitlement to damages and equitable relief, including:

a.      whether members of the Class are entitled to damages and/or equitable relief based on their payments for the children's bath products and  medical expenses, replacement costs for other safe children's bath products, and, if so, the appropriate scope, extent, measure of damages, and equitable relief that should be awarded;

b.      the appropriate scope, extent and measure of damages and equitable relief that should be awarded;

c.      whether the degree of reprehensibility of Defendants' conduct warrants the imposition of punitive damages under controlling authority; and,

d.      whether Class Members are entitled to attorneys' fees, prejudgment interest and costs of suit.

59.      Plaintiffs' claims and defenses are typical of the claims and defenses of the Class because Defendants uniformly misrepresented the safety of their children's bath products, and uniformly and actively suppressed, concealed, and failed to disclose the material risks associated with the products.  Defendants' uniform conduct deprived Plaintiffs and all members of the Class of their ability to make an informed decision about whether to use and/or pay for Defendants' children's bath products.

60.      Plaintiffs and their counsel will fairly and adequately assert and protect the interests of all members of the Class.  Plaintiffs have retained counsel who are competent and experienced in complex class action litigation, including consumer litigation.  Plaintiffs have no interest adverse to those of any absent Class Members, with respect to the key common issues of Defendants' product, knowledge, conduct, and duty, and resulting liability.

61.      All members of the Class share a common interest in the determination of all factual and legal issues pertinent to Defendants' liability and to the fair reallocation of the

economic costs associated with Defendants' children's bath products as between Defendants and their consumers, through the disgorgement and restitution of children's bath products revenue unjustly obtained by Defendants.

62.     Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(A), because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and establish incompatible standards of conduct for Defendants.

63.     Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(B) because the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other members not parties to these adjudications and/or substantially impair their ability to protect these interests.

64.     Class certification is proper under Federal Rule of Civil Procedure 23(b)(3), because common issue of law and fact predominate over any questions affecting only individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

65.     Class adjudication is superior to individual litigation, which would foreclose the ability of most Class Members to litigate their claims, impose an undue burden on the courts, and result in inconsistent determinations of common issues. The Court may employ issue certification under Rule 23(c)(4)(B), to address any variation of law, fact, or interest, which procedure is superior, from the standpoint of fairness, efficiency, and economy, to the denial of class treatment and reversion to repetitive and piecemeal individual litigation.

66.     The need for class wide notice presents no barrier to certification because notice can be effectively disseminated to the Class by techniques commonly used in consumer class actions. Notice may be provided to Class Members under the requirements of Fed.R.Civ.P. 23(c)(2) by such combination of print publication, broadcast publication, internet publication, and/or first class mail that this Court determines best comports with modern Fed.R.Civ.P. 23(c)(2) class notice form, content, and dissemination techniques, as used in other medical products liability cases and as recommended by the Manual for Complex Litigation, 4th and the Federal Judicial Center.

## COUNT I
(Defendants' breach of the implied warranties of
merchantability and fitness for a particular purpose)

67.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

68.     Defendants sold and promoted their children's bath products and placed them into the stream of commerce.  Defendants knew or had reason to know of the specific use for which the children's bath products were purchased and impliedly warranted that their children's bath products were of merchantable quality and fit for such use.

69.     Plaintiffs and the Class Members reasonably relied upon the expertise, skill, judgment, and knowledge of Defendants and upon its implied warranty that their children's bath products were of merchantable quality and fit for the intended use.

70.     Defendants knew, should have known, or had reason to know that Plaintiffs and the Class Members were influenced to approve and purchase their children's bath products because of Defendants' expertise, skill, judgment, and knowledge in furnishing their children's bath products for that use.

71.     Defendants' children's bath products were not of merchantable quality and were not fit for their intended use, because they contained substances dangerous to humans, especially small children.

72.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et. seq*.

73.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Alaska St. § 45.02.314, *et. seq*.

74.     Defendants breached the implied warranty their Children's bath products were of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, *et. seq*.

75.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, *et. seq*.

76.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, *et. seq*.

77.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, *et. seq*.

78.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, *et. seq*.

79.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, *et. seq*.

80.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of D.C. Code § 28:2-314, *et. seq.*

81.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Fla. Stat. Ann. § 672.314, *et. seq.*

82.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Ga. Code. Ann. § 11-2-314, *et. seq.*

83.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, *et. seq.*

84.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Id. Code § 28-2-314, *et. seq.*

85.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et. seq.*

86.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Ind. Code Ann. § 26-1-2-314, *et. seq.*

87.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, *et. seq.*

88.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, *et. seq*.

89.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Ken. Rev. Stat. Ann. § 355.2-314, *et. seq*.

90.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of, and is liable in retribution under La. Civ. Code Ann. Art. 2520, et seq.

91.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, *et. seq*.

92.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, *et. Seq*.

93.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch. 106 § 2-314, *et. seq*.

94.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2.314, *et. seq*.

95.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, *et. seq*.

96.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, *et. seq*.

97.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Missouri Rev. Stat. § 400.2-314, *et. seq*.

98.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, *et. seq*.

99.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, *et. seq*.

100.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, *et. seq*.

101.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, *et. seq*.

102.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, *et. seq*.

103.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law 2-314, *et. seq*.

104.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, *et. seq*.

105.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-314, *et. seq*.

106.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann. § 1302.27, *et. seq*.

107.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314, *et. seq*.

108.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Or. Rev. Stat. § 72.3140, *et. seq*.

109.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of 13 Pa. Stat. Ann.  § 2314, *et. seq*.

110. Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, *et. seq*.

111. Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of S.C. § 36-2-314, *et. seq*.

112. Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of S.D. Stat. 57A-2-314, *et. seq*.

113. Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, *et. seq*.

114. Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Tex.Bus. & Com. Code Ann. § 2.314, *et. seq*.

115. Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, *et. seq*.

116. Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314 , *et. seq*.

117. Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Vt. Stat. Ann. § 9A-2-314, *et. seq*.

118.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, *et. seq*.

119.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of W.Va. Code § 46-2-314, *et. seq*.

120.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of  Wis. Stat. Ann. § 402.314, *et. seq*.

121.     Defendants breached the implied warranty that their Children's bath products were of merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314, *et. seq*.

122.     As a proximate cause of Defendants' breach of warranty, Plaintiffs and the Class suffered ascertainable losses, injuries, and damages as specified herein in an amount to be determined at trial.

## **COUNT II**
### (Products Liability)

123.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

124.     At all relevant times hereto, Defendants were engaged in the business of designing, manufacturing, assembling, and selling its children's bath products designed, manufactured, assembled, and sold their children's bath products with the knowledge that they would be given to children.

125. Defendants' children's bath products were expected to, and did, reach children without substantial change in their condition as manufactured and sold by Defendants. Due to the product defects described herein, at the time the children's bath products reached the Plaintiffs and Class Members, the children's bath products were in a condition not contemplated by any reasonable person. The children's bath products were unreasonably dangerous to the expected users of the children's bath products when used in the reasonably expected manner.

126. The children's bath products designed, manufactured, marketed, and sold by Defendants to the Plaintiffs and Class Members were in a defective condition which was unreasonably dangerous.

127. The Plaintiffs and Class Members used the children's bath products in the manner in which Defendants intended them to be used.

128. Neither the Plaintiffs nor the Class Members were aware of, and could not in the exercise of reasonable care have discovered, the defective nature of Defendants' children's bath products, nor could they have known that Defendants designed or manufactured the Children's bath products in a manner that would cause an increased risk of injury, possible toxic poisoning, to their children.

129. As a direct and proximate result of Defendants negligently placing the defective product in the stream of commerce, Plaintiffs and Class Members were injured and have expenses.

130. Defendants' children's bath products constitute products which are dangerous for their reasonably intended use, due to their defective design, manufacture and misinformation in Defendants' marketing.

## COUNT III
(Defendants' negligence)

131.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

132.    Defendants owed a duty of reasonable care to the Plaintiffs and the Class Members in the design, manufacture, and marketing of their children's bath products.

133.    Defendants breached this duty by allowing negligently produced, designed, and marketed children's bath products into the stream of commerce.

134.    As a direct and proximate result of Defendants' negligence, Plaintiffs and the Class Members were injured and have incurred expenses and will continue to incur expenses in the future.

## COUNT IV
(Defendants' violation of the various Unfair and Deceptive Trade Practices Acts)

135.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

136.    Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of its children's bath products.

137.    Had Defendants not engaged in the deceptive conduct described above, Plaintiffs and the Class Members would not have purchased and/or paid for the children's bath products.

138.    Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers and the public, including Plaintiffs and the Class Members, constituted unfair and deceptive acts and practices in violation of the state consumer protection statutes listed below:

a.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et seq*.;

b.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.;*

c.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.;*

d.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et. seq*.;

e.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Civ. Code § 1770 et seq. and Cal Bus. & Prof. Code § 17200, *et seq*.;

f.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et. seq.;*

g.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 2-1 10a*, et seq*.;

h.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code §§ 2511, et seq. and 2531, *et. seq*.;

i.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et. seq*.;

j.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201 *et seq*.;

k.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. §§ 10-1-372, *et seq*., 10-1-392 and 10-1-420.

l.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480-1, *et seq*.;

m.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq*.;

n.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS §505/1, *et seq.;*

o.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5-1, et seq.;

p.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.16, *et seq*.;

q.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq*.;

r.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.170, *et seq*.;

s.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq*.;

t.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 205A, *et seq*.;

u.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq*.;

v.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93 A, *et seq*.;

w. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Comp. Laws Ann. § 445.90 1, *et seq*.;

x. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. §§ 325D.43, *et seq*.; 325 F.67, *et seq*.; and 325F.68 *et seq*.;

y. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq*.;

z. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Ann. Missouri Stat. § 407.010, *et seq*.;

aa. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code Ann. § 30-14-101, *et. seq*;

bb. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.;*

cc. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. Ann. § 598.0903, *et seq*.;

dd. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq*.;

ee. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq*.;

ff. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq*.;

gg. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law §§ 349 *et seq*. and 350-e, *et seq*.;

hh.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq*.;

ii.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code §§ 51-12-01, et seq., and 51-15-01, *et seq.;*

jj.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq*.;

kk.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. § 15 751, *et seq*.;

ll.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 6464.605, *et seq*.;

mm.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq*.;

nn.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.;*

oo.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.;*

pp.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Codified Laws § 37-24-1, *et seq.;*

qq.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.;*

rr.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

ss.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1, *et seq*.;

tt.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451, *et seq*.;

uu.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq*.;

vv.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code. § 19.86.0 10, *et seq*.;

ww.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq*.;

xx.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.;* and,

yy.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-101, *et seq*.

139.    Plaintiffs and members of the class relied upon Defendants' misrepresentations and/or omissions in buying Defendants Children's bath products.

140.    Plaintiffs will provide any required notice to appropriate entities regarding Defendants' unfair and deceptive trade practices.

141.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the Class Members have been damaged by paying for these Children's bath products.

142.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the Class are entitled to compensatory damages, treble damages, attorneys' fees and cost of this suit.

## COUNT V
### (Defendants' unjust enrichment)

143.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

144.    Defendants have been, and continue to be, unjustly enriched, to the detriment of and at the expense of Plaintiffs and the Class Members, as a result of its unlawful and/or wrongful collection of, inter alia, the Plaintiffs and the Class Members' payments for Defendants' children's bath products such that Defendants' retention of such payments is inequitable.

145.    Defendants have unjustly benefited through the unlawful and/or wrongful collection of, inter alia, payments for Defendants' children's bath products, and continue to so benefit to the detriment and at the expense of the Plaintiffs and the Class Members.

146.    Accordingly, Defendants should not be allowed to retain the proceeds from the benefits conferred upon it by the Plaintiffs and the Class Members, who seek disgorgement of Defendants' unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution and/or rescission for the benefit of Plaintiffs and the Class Members, in an equitable and efficient fashion to be determined by the Court.

147.    Plaintiffs and the Class Members are entitled to the imposition of a constructive trust upon Defendants such that its enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Class Members.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, for themselves and all others similarly situated, respectfully request that this Court enter a judgment against Defendants and in favor of Plaintiffs, and grant the following relief:

A.     Determine that this action may be maintained as a class action with respect to a national class or with subclasses corresponding to the several states' laws, pursuant to the appropriate subsections of Rule 23 of the Federal Rules of Civil Procedure; that the court certify a class action with respect to particular issues if appropriate, and that the Court designate and appoint Plaintiffs and counsel to serve as Class Representatives and Class Counsel;

B.     Declare, adjudge and decree the conduct of Defendants as alleged herein to be unlawful;

C.     Grant Class Members awards of actual, compensatory, punitive and/or exemplary damages in such amount to be determined at trial and as provided by applicable law;

D.     Grant medical monitoring, whether denominated as damages or in the form of equitable relief;

E.     Grant Class Members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and,

F.     Grant Class Members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Dated: March 19, 2009

Gabrielle Clow and Channing Hesse,
Plaintiffs, individually and on behalf of all
others similarly situated,

By: **s/Elizabeth A. Fegan**
Elizabeth A. Fegan
Daniel J. Kurowski
Hagens Berman Sobol Shapiro LLP
820 North Blvd., Suite B
Oak Park, IL 60301
(P) 708-776-5600
(F) 708-776-5601
E-mail: beth@hbsslaw.com
        dank@hbsslaw.com

Steve W. Berman
Ivy Arai
Shayne Stevenson
Hagens Berman Sobol Shapiro LLP
1301 Fifth Ave., Suite 2900
Seattle, WA 98101
(P) 206-623-7292
E-mail: steve@hbsslaw.com
        ivy@hbsslaw.com
        shayne@hbsslaw.com

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs Gabrielle Clow and Channing Hesse, request a trial by jury on all issues

deemed so triable.

Respectfully submitted:

By: **s/Elizabeth A. Fegan**
Elizabeth A. Fegan, Esq.
Daniel J. Kurowski, Esq.
Hagens Berman Sobol Shapiro LLP
820 North Blvd., Suite B
Oak Park, IL 60301
(P) 708-776-5600
(F) 708-776-5601
E-mail: beth@hbsslaw.com
        dank@hbsslaw.com

Steve W. Berman, Esq.
Ivy Arai, Esq.
Shayne Stevenson, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Ave., Suite 2900
Seattle, WA 98101
(P) 206-623-7292
E-mail: steve@hbsslaw.com
        ivy@hbsslaw.com
        shayne@hbsslaw.com